UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARCUS I. SNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04287-SEB-TAB |
| | ) | |
| DUSHAUN ZATECKY, | ) | |
| DUANE ALSIP, | ) | |
| CHARLES HOUCHINS, | ) | |
| B. TURNEY, | ) | |
| J. MALLOT, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening and Dismissing Amended Complaint and
Directing Entry of Final Judgment**

On January 21, 2020, Mr. Snell filed an amended complaint. *See* dkt. 14. The amended complaint is now the operative complaint in this action. Mr. Snell is currently incarcerated at Indiana State Prison. Because Mr. Snell is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the amended complaint:

> must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads

> factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se pleadings such as that filed by Mr. Snell are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. Discussion

The Court found no viable claims in Mr. Snell's original complaint. Mr. Snell's amended complaint continues to name defendants: (1) Dushaun Zatecky, (2) Duane Alsip, (3) Charles Houchins, (4) B. Turney, and (5) J. Mallot. Dkt. 14 at 2. For relief, Mr. Snell seeks compensatory and punitive damages and injunctive relief in the form of expunging conduct reports from his record. Mr. Snell alleges that on July 2, 2019, he was interviewed by defendant Houchins regarding his communication with an ex-employee of Indiana State Reformatory prison. *Id.* at 3. Mr. Snell admitted to the communications with the ex-employee during that interview. *Id.* Mr. Snell was then placed on hold pending investigation. *Id.* As a result of the investigation, defendants Mallot, Turney, and Zatecky allegedly wrote 12 conduct reports charging Mr. Snell with making 3-way phone calls.

Mr. Snell asserts claims that: (1) he was put in disciplinary segregation with phone and commissary restrictions without a hearing or determination of guilt violating his Fourteenth Amendment due process rights; (2) he was singled out among all other prisoners on hold pending investigation, violating the Equal Protection Clause; (3) defendants wrote conduct reports against him in retaliation for his using the prison grievance system; (4) defendant Alsip was deliberately indifferent for his failure to correct misconduct against Mr. Snell; and (5) IDOC policy requirements that an offender have a hearing prior to disciplinary action and that conduct reports shall be completed within 24 hours of the incident by the reporting staff person. *Id.* at 3-8.

**1. Due Process**

Mr. Snell asserts that defendants Zatecky and Houchins' imposition of disciplinary segregation, phone restriction, and commissary restriction without a hearing or determination of guilt violated his due process rights. *Id.* at 7. "In assessing whether disciplinary segregation amounts to a constitutional violation, this court looks to the combined import of the duration of the segregative confinement and the conditions endured." *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (citation and quotation marks omitted). "Although relatively short terms of segregation rarely gave rise to a prisoner's liberty interest, at least in the absence of exceptionally harsh conditions, such an interest may arise from a long term of confinement combined with atypical and significant hardships." *Id.*

Mr. Snell does not allege anything regarding the conditions at all, let alone allegations permitting an inference that the conditions were "exceptionally harsh." Further, Mr. Snell was placed in segregation for a period of less than 40 days and only generally alleges that this caused him "pain, suffering, undue hardship and emotional distress." Dkt. 14 at 7; *see, e.g., Kervin v. Barnes*, 787 F.3d 833, 837 (7th Cir. 2015) (holding that the district court properly dismissed a Fourteenth Amendment claim because the plaintiff "was placed in segregation for at most 30 days and, more importantly, does not allege that he suffered any significant psychological or other injury from it."). "Disciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause . . . ." *Miller v. Dobier*, 634 F.3d 412, 414-15 (7th Cir. 2011). Further, "[n]o deprivation of liberty occurs when a restriction is imposed for managerial, nonpunitive reasons." *Walker v. Clayton*, 730 F. App'x 370, 373 (7th Cir. 2018) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). Mr. Snell was placed in segregation with certain restrictions due to a pending investigation and as such was

not entitled to a hearing prior to being placed in segregation.

Mr. Snell's allegations regarding his placement in segregation and associated restrictions, pending the investigation of his communications with an ex-employee, do not state a viable due process claim and are **dismissed for failure to state a claim upon which relief can be granted.**

**2. Equal Protection**

"The Equal Protection Clause of the Fourteenth Amendment prohibits intentional and arbitrary discrimination." *Dunnet Bay Const. Co. v. Borggren*, 799 F.3d 676, 696 (7th Cir. 2015). To state an equal protection claim, Mr. Snell must allege that (1) he was a member of a protected class, (2) he was treated differently from a similarly situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose. *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017).

Mr. Snell's amended complaint states only that he was irrationally singled out among all the prisoners on hold pending investigation. Dkt. 14 at 8. Mr. Snell does not identify himself as a member of a protected class, state that he was treated differently from a similarly situated member of an unprotected class, or allege that defendants were motivated by some discriminatory purpose. Therefore, Mr. Snell's equal protection claims against the defendants are **dismissed for failure to state a claim upon which relief can be granted**.

**3. Retaliation**

Mr. Snell alleges that defendants wrote reports of conduct against him in order to "besmirch Plaintiff Snell's conduct history and sentence modification because Plaintiff Snell exercised his right to seek redress from the prison through the prison grievance system[.]" *Id.* To state a retaliation claim, Mr. Snell must allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter the First Amendment activity;

4

and (3) the protected activity he engaged in was at least a motivating factor for the retaliatory action. *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Mt. Healthy City Sch. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). It is true that the filing of a non-frivolous grievance is a constitutionally protected activity under the First Amendment. *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018); *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). It is likely that Mr. Snell's grievance was frivolous in light of the findings of admission and guilt associated with the conduct reports, but the Court need not make that determination. Here, Mr. Snell does not allege circumstances under which the Court can find that the issuance of a conduct report is a deprivation that would likely deter filing a grievance in the future. *See e.g., Perez*, 792 F.3d at 783 (denial of medical treatment could deter a reasonable person from engaging in protected activity). Moreover, a "sincere belief in a legitimate reason for adverse action (in this case, restricted status to facilitate the investigation) defeats a claim of retaliation." *Walker v. Clayton*, 730 F. App'x 370, 373 (7th Cir. 2018). Here, Mr. Snell alleges that he admitted to engaging in communications with an ex-employee and was found guilty of the conduct reports. Therefore, it is clear that the defendants who wrote the conduct reports had a sincere belief in the basis of those reports. Mr. Snell's retaliation claims are **dismissed for failure to state a claim upon which relief can be granted.**

**4. Failing to Correct Misconduct**

Mr. Snell alleges that defendant Alsip failed to correct the unlawful conduct of Zatecky and Houchins. To the extent Mr. Snell alleges the conduct reports were false, he does not have a constitutional right to avoid false disciplinary charges. *Lagerstrom v. Kingston*, 463 F.3d 621, 624-25 (7th Cir. 2006) (due process rights are not violated if a false conduct report is filed). "'[E]ven assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary

5

action is found in the procedures mandated by due process.'" *Id.* at 621, 625 (quoting *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999)). Therefore, this claim is **dismissed for failure to state a claim upon which relief can be granted**.

**5. IDOC Policy Claims**

Mr. Snell raises IDOC policy claims in his amended complaint. "[R]emedies in § 1983 suits are for violations of federal law only." *Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017). Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a *federal* right. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981); *Waubanascum v. Shawano County*, 416 F.3d 658, 670 (7th Cir. 2005) (neither negligence nor a violation of state law provide a basis for liability under § 1983); *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003) ("State law violations do not form the basis for imposing § 1983 liability."); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prime facie* case under § 1983). Violations of state law or IDOC policy do not support a claim under section 1983 and are therefore **dismissed for failure to state a claim upon which relief can be granted.**

### III. Dismissal of Action

For the above reasons, the amended complaint fails to state a claim upon which relief can be granted as a matter of law and is therefore dismissed pursuant to 28 U.S.C. § 1915A. This is Mr. Snell's second unsuccessful attempt to state a viable claim in this action. Accordingly, judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/10/2020

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARCUS I. SNELL
158292
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360